ALBERT DURLING *vs.* FREDERICK R. PECK, Garnishee, impleaded, etc.

## July 19, 1889.

Garnishment.—Where chattels were sold, and the purchaser agreed to pay the balance of the consideration after the claims of third parties against the seller had been settled, such purchaser is not liable, in garnishment proceedings, to a creditor of the seller until the amount of such claims is ascertained, and then only as debtor, and not as having money in his hands subject to garnishment.

Appeal by Peck, impleaded as garnishee of Alfred W. H. Dyer, from a judgment of $132.26, of the municipal court of St. Paul.

*A. C. Hickman,* for appellant.

*Berryhill & Davidson,* for respondent.

VANDERBURGH, J. The question here presented is the alleged liability of the garnishee in this action, who had bought cattle of the defendant, under an agreement with him, in which he undertook to pay him the balance of the consideration therefor, after paying certain specified sums owing to divers parties, and "as soon as the claims of R. Demming & Co. and Flanigan & Co. against said party of the first part [Dyer] have been settled." Upon his disclosure, the garnishee stated that Demming & Co. and Flanigan claimed to hold mortgages on the cattle, which in fact appear of record, and their claims were still in dispute and unsettled between them and Dyer. The court thereupon ordered that these claimants be made parties. One of them came in, issues were framed, and upon the trial thereof his case was dismissed by the court, because he failed to establish any right to the balance of the purchase-money due from the garnishee. The other party claimant (Demming) did not appear. Judgment was thereupon rendered against the garnishee for the amount of plain-

tiff's claim against Dyer, the defendant. We think this judgment cannot stand. The fact that the claimants, who were not parties to or interested in the contract between the garnishee and the defendant for the sale of the cattle, did not make or establish any claim to the purchase-money, which Peck had not agreed to pay them, did not affect their rights as mortgagees, or the validity of their claims against Dyer to secure which the mortgages were given; and it does not appear that their claims have been settled, or that they are invalid. They were interested as mortgagees, and Peck was not obliged to pay Dyer the balance until their claims were settled; and it does not, therefore, clearly appear what (if any) amount would be due the defendant from the garnishee, and there was no basis for the judgment against him.

Judgment reversed.